RECEIVED

MAY - 6 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| YUCAIPA CORP. INITIATIVES FUND, ILP | CIVIL ACTION NO. 14-0609 |
| VERSUS | JUDGE DOHERTY |
| PICCADILLY RESTAURANTS, LLC, ET AL | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before the Court is the "Motion for Stay From District Court of Order Confirming the First Amended Joint Chapter 11 Plan of Piccadilly Investments, LLC, Piccadilly Restaurants, LLC, and Piccadilly Food Services, LLC", filed by the named defendants (hereinafter referred to collectively as "the debtors" or "Piccadilly") [Doc. 4].[1] The motion requests that this Court grant a stay pending the appeal by Piccadilly of the Bankruptcy Court's "Findings of Facts, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 1 Plan of Piccadilly Investments, LLC Piccadilly Restaurants, LLC and Piccadilly Food Services, LLC" (hereinafter referred to as the "Confirmation Order"). The instant motion is opposed by Atalaya Administrative, LLC, Atalaya Funding II, LP, Atalaya Special Opportunities Fund IV, LP (Tranche B), and Atalaya Special Opportunities Fund (Cayman) IV, LP (Tranche B) (collectively referred to hereinafter as "Atalaya") [Doc. 23] and the Committee of Unsecured Creditors [Doc. 20].

For the following reasons, Yucaipa's motion to stay is DENIED.

---

[1] There are three pending bankruptcy cases underlying the instant motion: *In re Piccadilly Restaurants, LLC*, 12-51127 (Bankr. W.D. La. 2012), *In re Piccadilly Food Service, LLC*, 12-51128 (Bankr. W.D. La. 2012), and *In re Piccadilly Investments, LLC*, 12-51129 (Bankr. W.D. La. 2012).

I.   **Background**

The following are the facts as presented by the movant, Yucaipa:

- On September 11, 2012, Piccadilly filed three Chapter 11 cases[2] in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division. Piccadilly has continued to conduct its business operations as debtors and debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

- Yucaipa is both the majority holder of equity interests in what Yucaipa refers to as "PI,"[3] and a general unsecured creditor on account of its Management Services Fee Claim, which has been scheduled by the Debtors in the amount of $452,791.18.

- On October 23, 2012, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

- On November 14, 2013, Atalaya and the Committee filed the "First Amended Joint Chapter 11 Plan of Piccadilly Investments, LLC, Piccadilly Restaurants, LLC, and Piccadilly Food Service, LLC, Proposed by the Atalaya entities and the Committee of Unsecured Creditors."

- On December 13, 2013, Yucaipa, Atalaya, and the Committee exchanged valuation expert reports prepared by their experts.

- On January 6, 2014, Yucaipa filed an objection to the First Amended Joint Chapter 11 Plan Proposed by Atalaya Administrative LLC and the Official Committee of Unsecured Creditors (the "Plan Objection") and an objection to the Asserted Claim of Atalaya (the "Claim Objection"). On January 31, 2014, Yucaipa filed a memorandum in support of its objection; an amended memorandum was filed on February 3, 2014.

- The bankruptcy court issued its oral ruling on Yucaipa's objections in open court on February 4, 2014, and on February 13, 2014, the bankruptcy court entered the written Confirmation Order, confirming the Plan and specifically officially overruling Yucaipa's objections to plan confirmation.

- On February 27, 2014, Yucaipa filed its "Notice of Appeal of Order Confirming the First Amended Joint Chapter 11 Plan of Piccadilly Investments, LLC, Piccadilly Restaurants, LLC, and Piccadilly Food Service, LCC" (the "Appeal"). Also on

---

[2] The three pending bankruptcy cases are those referred to in footnote 1.

[3] This Court assumes "PI" is a reference to Piccadilly Investments, however, as no clarifying information has been provided by the movant, it remains unclear to what "PI" refers.

- February 27, 2014, Yucaipa filed a motion to stay the appeal in bankruptcy court, as well as a motion for expedited hearing on the motion to stay. Atalaya and the Committee of Unsecured Creditors s both objected to the motion to stay, and on March 10, 2014, the bankruptcy court denied Yucaipa's motion to stay the appeal.

- Yucaipa's appeal of the bankruptcy court's confirmation of the plan was filed in this Court on February 21, 2014, and the motion to stay the matter on appeal was filed in this Court on the same date.

## II. Applicable Law

Bankruptcy Rule 8005 provides that a motion for stay must be presented to the bankruptcy judge in the first instance. Fed. R. Bankr. P. 8005. Rule 8005 also requires that the "motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." Here, although Yucaipa has satisfied the procedural rule by showing it first presented its motion for stay to the bankruptcy court, which denied the motion, Yucaipa's motion includes no discussion of why the relief was not obtained from the bankruptcy court, other than a brief statement that the bankruptcy court denied Yucaipa's initial request for a stay pending appeal on March 10, 2014. Indeed, Yucaipa's motion filed in this Court is virtually identical to the motion for stay pending appeal submitted to the bankruptcy court. In the foregoing respect, Yupaica's motion could be denied for failing to exhaust administrative remedies.

However, even if Yucaipa had included such a discussion, the instant motion to stay would still be denied. This Court notes a stay of a bankruptcy matter pending appeal is an extraordinary form of relief requiring a substantial showing by the movant, and is not to be granted lightly. *See Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968); *In re Heitmeier*, 2014

WL 791300, *1 (E.D. La. Feb. 16, 2014) (J. Feldman) ("A stay pending appeal is an 'extraordinary remedy.'"). In determining whether to issue a stay pending appeal pursuant to Rule 8005, the Court is to consider four factors: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *Hunt v. Bankers Trust Company*, 799 F.2d 1060, 1067 (5th Cir. 1986). *See also See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-41 (5th Cir. 2001).[4]

### III. Discussion

#### 1. Likelihood of success on the merits

With respect to the first factor – likelihood of success on the merits -- the Court finds Yucaipa has not demonstrated a likelihood that it will prevail on the merits of its appeal. Yucaipa has a particularly high burden with respect to this factor, as the bankruptcy court's confirmation of the plan – over the same objections Yucaipa is currently raising – was based upon factual findings made after examination of the extensive record and after consideration of the competing testimony of expert witnesses. Under such circumstances, district courts are unlikely to stay a bankruptcy court's ruling pending appeal.

Findings of fact are reviewed on appeal for clear error. *See In re Kemp*, 52 F.3d 546, 550 (5th Cir. 1995) (the clearly erroneous standard "calls for reversal only if, considering all the evidence, [the appellate court] is left with the definite and firm conviction that a mistake has been made").

---

[4] While movant need not always show likelihood of success on the merits, the Fifth Circuit has cautioned that "[l]ikelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only if the balance of equities (*i.e.*, consideration of the other three factors) is ... *heavily tilted* in the movant's favor will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *First South* at 709, FN 10 (quotations omitted) (emphasis in original). In this Court's view, the underlying dispute does not involve a "serious legal question" and, as such, SCO is required to demonstrate a likelihood of success on the merits, rather than merely a substantial case on the merits. *See e.g. Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23-24 (5th Cir. 1992).

Given this deferential standard of review, it is difficult for an appellant to obtain a stay pending pursuit of an appeal that hinges primarily upon invalidating a bankruptcy court's finding of fact. *See In re Scotia Development LLC*, Case No. 07-20027, *4 (Bankr. S.D. Tex. July 15, 2008) ("... Thus with respect to questions of fact, the movant usually fails to satisfy the element for a stay pending appeal that there be a likelihood of success on the merits."); *In re Burkett*, 279 B.R. 816, 817 (Bankr. W.D. Tex. June 25, 2002) (J. Clark) ("The movant here cannot establish the first of these elements [likelihood of success] because this court's findings of fact, based primarily upon an evaluation of the credibility and demeanor of witnesses, are highly unlikely to be reversed on appeal as 'clearly erroneous'"). The bankruptcy court's evaluation of the credibility of expert witnesses is also an area within a bankruptcy court's discretion. *See In re Scotia Development LLC*, Case No. 07-20027 (Bankr. S.D. Tex. July 15, 2008) (denying stay pending appeal, as credibility determinations made by bankruptcy court as to the various expert witnesses was not likely to be overturned on appeal).

In the instant case, after scrutinizing an extensive record and hearing competing testimony from the expert witnesses proferred by the opposing sides, the bankruptcy court determined Yucaipa's equity had no value, and the Plan's treatment of Yucaipa was appropriate. The bankruptcy court further concluded Deloitte's valuation analysis (which favored Atalaya and the Committee of Unsecured Creditors) was the most credible and most closely tracked Piccadilly's actual performance, while specifically concluding Yucaipa's valuation analysis was not credible for many reasons, including the fact that it relied upon unreasonable and outdated financial projections and failed to correct math and calculation errors. This Court concludes the bankruptcy court engaged in a deliberative and thorough analysis of the evidence, which, upon first blush, is not likely to be overturned on appeal. Additionally, although Yucaipa alleges the bankruptcy court committed

"errors of law," it is clear Yucaipa's allegations are simply challenges to the bankruptcy court's factual findings, including findings concerning proper valuation methodology, financial projections, and the enterprise value of the debtors.

Consequently, given the deferential standard afforded the bankruptcy court and the high burden the movant has to show the bankruptcy court made a factual error or improperly evaluated the testimony of witnesses, this Court concludes Yucaipa fails to satisfy the first factor of the analysis.

### 2. Irreparable injury if the stay is not granted

With regard to the second factor, Yucaipa's argument is essentially one of equitable mootness, that is, Yucaipa argues a failure to grant its request to stay could render its appeal equitably moot. Courts have consistently held the risk of equitable mootness alone does not establish the irreparable injury needed to obtain a stay pending appeal. *See, e.g., In re Camp Arrowhead*, 2010 WL 363773, *7 (W.D. Tex. Jan. 22, 2010) (J. Rodriguez) ("Consummation of the [sale] would likely moot the appeal, but that cannot alone entitle [appellant] to a stay [pending appeal] because that would mean that anytime an appeal is mooted, a stay would be required.").

Considering the foregoing, Yucaipa does not satisfy the second factor for a stay.

### 3. Absence of substantial harm to the other parties from granting the stay

Yucaipa argues there will be no substantial harm to other parties if the stay is granted, because Piccadilly has continued to operate during its bankruptcy cases, and its operations will continue during the pendency of the appeal. However, Atalaya and the Committee of Unsecured Creditors argue the key question for this Court in assessing this factor is not whether a debtor may continue to operate in bankruptcy, but whether forcing a debtor to continue operating under

6

bankruptcy protection will cause harm to the debtor. The bankruptcy court in *In re MAC Panel Co.* explained this very succinctly:

> In downplaying the injury to MAC Panel which would result from a stay of the confirmation order, VPC has placed great emphasis on the fact that MAC Panel thus far has been able to operate profitably while in Chapter 11. *This argument misses the point of the balancing test. The point is not just whether MAC Panel can survive and earn some profit if forced to remain in Chapter 11 indefinitely, but, rather, whether MAC Panel would be injured if forced to do so. VPC's argument also overlooks the cumulative effect of a company remaining in Chapter 11, which is that the longer the company remains in Chapter 11, the more doubt arises regarding its chances of successfully emerging.* The court is satisfied that, if forced to remain in bankruptcy indefinitely, MAC Panel would suffer a very significant loss of profits while languishing in bankruptcy and also would be set back considerably in regaining its full vitality and profitably once out of bankruptcy. It would be very difficult to quantify the resulting loss of profits, which raises a serious question as to whether MAC Panel would have an adequate remedy to recover such losses.

2000 WL 33673784 (Bankr. M.D.N.C. Mar. 8, 2000) (J. Stocks) (emphasis added).

In the instant case, Atalaya and the Unsecured Creditors argue the uncontroverted testimony at the confirmation hearing is that Piccadilly is administratively insolvent, does not have sufficient funds available to pay ongoing administrative and professional fee claims, and is dependent on the provision of exit financing to be furnished under the Plan to pay its ongoing costs. Thus, the respondents argue forcing Piccadilly to indefinitely remain in Chapter 11 while Yucaipa pursues appeals that could take years to resolve will significantly harm Piccadilly and its creditors, and the delays associated with the stay will add unnecessary layers of administrative expenses that Piccadilly will have no ability to pay.

The record shows the Plan was jointly proposed by the debtors' secured credit (Atalaya) as well as the unsecured creditors' committee, and was confirmed by the bankruptcy court after a three-day hearing. The plan as confirmed provides for reorganization of the debtors, payment of creditors,

and substantial adjustment of the debtor's capital structure. The Plan is supported overwhelmingly by all of the debtor's creditors. Considering the foregoing, this Court concludes there would be substantial harm to Piccadilly's creditors if the case is stayed pending the appeals, which could take a significant amount of time to resolve. Therefore, this Court concludes Yucaipa has not satisfied the third factor of the analysis.

4. **Service to the public interest from granting the stay**

The fourth and final factor is the service to the public interest from granting the stay. Courts recognize the strong public "need for finality of decisions, especially in a bankruptcy proceeding." *In re Calpine Corp.*, 2008 WL 207841, *7 (Bankr. S.D.N.Y. 2008) (J. Lifland), *citing In re Twenty–Six Realty Assocs., L.P.*, 1995 WL 170124, at * 16 (E.D.N.Y. Apr. 4, 1995); *see also First Nat. Bank of Maryland v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y.1987) (recognizing the "public interest in timeliness and finality of bankruptcy proceedings."). "The public interest requires bankruptcy courts to consider the good of the case as a whole, and not individual [ ... ] investment concerns .... the public interest cannot tolerate any scenario under which private agendas can thwart the maximization of value." *In re Adelphia Commc'ncs Corp.*, 2007 Bankr.LEXIS, at *414–415 (Bankr.S.D.N.Y. Jan. 3, 2007); *In re Baker*, 2005 WL 2105802, *10 ("[h]aving determined that the Debtor is unlikely to succeed on appeal, I find that the public interest is better served by allowing distributions under the Plan to proceed in an expeditious manner."); *In re Metiom, Inc.*, 318 B.R. 263, 272 (S.D.N.Y.2004) ("[t]his Court finds that the public interest in the expeditious administration of bankruptcy cases as well as in the preservation of the bankrupt's assets for purposes of paying creditors, rather than litigation of claims lacking a substantial possibility of success, outweighs the public interest in resolving the issues presented here on appeal.").

In the instant case, this Court, having concluded Yucaipa is unlikely to succeed on appeal, this Court concludes the public is best served by the appeal moving forward without a stay in place.

## IV. Conclusion

After a review of the pertinent law and the memoranda filed by the parties, the Court concludes that granting a stay of the bankruptcy court's Order would be inappropriate. Accordingly, the "Motion for Stay From District Court of Order Confirming the First Amended Joint Chapter 11 Plan of Piccadilly Investments, LLC, Piccadilly Restaurants, LLC, and Piccadilly Food Services, LLC", filed by the named defendants (hereinafter referred to collectively as "Piccadilly") [Doc. 4] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___6___ day of May, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE